UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHRYN M. NELSON,

        Plaintiff,

and

AFFINITY HEALTH SYSTEMS and
NETWORK HEALTH PLAN

        Involuntary Plaintiffs,

        v.                                      Case No. 12-C-472

JOHNSON & JOHNSON and
ETHICON INC.,

        Defendants.

## ORDER GRANTING PLAINTIFF'S CIVIL L.R. 7(h) MOTION
## TO ALLOW VIDEO DEPOSITION

Plaintiff Kathryn Nelson has filed a motion (Dkt. No. 41) to amend the initial discovery plan, established pursuant to the MDL Pretrial Order #206 entered on November 20, 2015, to allow for the discovery deposition of Dr. Erin Carey, one of her treating physicians. Nelson and Defendants were each permitted four discovery depositions of treating physicians before the July 1, 2016 discovery deadline per MDL Pretrial Order #206. Dkt. No. 8-13 at 2. Nelson requests a fifth deposition of a treating physician. Dkt. No. 46 at 1. While Dr. Carey was not initially identified as one of the four treating physicians to be deposed, Nelson did amend her disclosures to list Dr. Carey as a potential case-specific expert on June 29, 2016. Dkt. No.42-2 at 3. Dr. Carey treated Nelson four times in 2016 and three times in 2017. Dkt. No. 46 at 1.

Nelson has shown good cause to modify the original scheduling order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Rule

16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also United States v. 1948 S. Martin Luther King Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001) ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation."). Dr. Carey is the physician that treated her for pain and discomfort post surgery for a significant period of time and is unavailable to testify at trial. Plaintiff identified Dr. Carey as a treating physician and the area of her expected testimony at trial in June 2016. Were she to testify at trial, Defendant would have no ground on which to object, but because Dr. Carey is unavailable to testify at trial, Plaintiff seeks leave to take her deposition for use at trial. Although discovery is now closed, Plaintiff has tentatively scheduled the deposition to take place approximately one month before the final pretrial. Thus, Defendants will not be forced to "spend time and energy the week prior to trial to accommodate a proceeding that could have occurred within any time in the last several years." *Anderson v. Proctor & Gamble Paper Products Co.*, No. 11-C-61, 2013 WL 5651802, at *3 (E.D. Wis. Oct. 15, 2013).

Defendants' objection centers on Plaintiff's failure to request additional discovery at the status conferences held by the court after remand. But Plaintiff is not here seeking further discovery; she is seeking to present the testimony of one of her treating physicians for trial. Having considered the general importance of a treating physician to a plaintiff's case, the absence of any prejudice to the defendants, and the importance of having treating physicians testify as to the plaintiff's current condition, as opposed to her condition two years ago, the court is satisfied that good cause has been shown. Accordingly, Plaintiff's motion to modify the scheduling order (Dkt.

No. 41) is GRANTED. The scheduling order is modified to allow the completion of the deposition of Dr. Erin Carey for use at trial in the above matter.

    **SO ORDERED** this 19th day of October, 2019.

                                                s/ William C. Griesbach
                                               William C. Griesbach, Chief Judge
                                               United States District Court