UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

KATHRYN M. NELSON,

      Plaintiff,

    v.                                       Case No. 12-C-472

JOHNSON & JOHNSON, et al.,

      Defendants.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

      Plaintiff Kathryn M. Nelson filed this lawsuit alleging she was injured as a result of the implantation of a Prolift Total Pelvic Floor Repair System device manufactured and sold by Defendants Johnson & Johnson and Ethicon Inc. On May 14, 2009, Plaintiff underwent a vaginal hysterectomy along with the implantation of the Prolift device for pelvic organ prolapse. After the surgery, Plaintiff experienced numerous complications she claims were attributable to the Prolift and underwent surgical intervention, including a vaginal mesh revision and excision. That surgery did not resolve the complications. Plaintiff filed this suit on November 2, 2012, alleging causes of action for strict products liability and negligence.

      At the time that Plaintiff's cause of action accrued, strict products liability in Wisconsin was governed by common law. *See, e.g.*, *Godoy v. E.I. du Pont de Nemours & Co.*, 2009 WI 78, 319 Wis. 2d 91, 768 N.W.2d 674. Effective February 1, 2011, the Wisconsin legislature enacted 2011 WI Act 2, which created Wis. Stat. § 895.047, among other statutes. Section 895.047, entitled "product liability," provides in relevant part that, in an action for damages caused by a

manufactured product based on a claim of strict liability, a manufacturer is liable to a claimant if the claimant establishes all of the following by a preponderance of the evidence:

> (a) That the product is defective because it contains a manufacturing defect, is defective in design, or is defective because of inadequate instructions or warnings. A product contains a manufacturing defect if the product departs from its intended design even though all possible care was exercised in the manufacture of the product. A product is defective in design if the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and the omission of the alternative design renders the product not reasonably safe. A product is defective because of inadequate instructions or warnings only if the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the manufacturer and the omission of the instructions or warnings renders the product not reasonably safe.
>
> (b) That the defective condition rendered the product unreasonably dangerous to persons or property.
>
> (c) That the defective condition existed at the time the product left the control of the manufacturer.
>
> (d) That the product reached the user or consumer without substantial change in the condition in which it was sold.
>
> (e) That the defective condition was a cause of the claimant's damages.

Wis. Stat. § 895.047(1). Plaintiff claims that this statute legislatively overruled much of Wisconsin's common law of strict products liability.

This matter comes before the court on Plaintiff's motion regarding the applicable law and jury instructions to apply at trial. The parties do not dispute that Wis. Stat. § 895.047, by its terms, applies retroactively. Defendants assert that, because Plaintiff filed this suit in 2012, Wis. Stat. § 895.047 governs this action. Plaintiff contends, however, that the statute's retroactive application would be unconstitutional because it would impair her vested right to pursue her claims under the pre-Act common law. The issue before the court is whether the retroactive application of Wis. Stat. § 895.047 unconstitutionally impacts Plaintiff's right to pursue her

2

claims. For the following reasons, the court finds that the Wisconsin constitution's guarantee to due process prohibits retroactive application of section 895.047 in this case. As such, Wisconsin common law as it existed at the time Plaintiff's cause of action accrued applies in this case.

In Wisconsin, "[r]etroactive legislation enjoys a presumption of constitutionality, and the challenger bears the burden of overcoming that presumption." *Martin by Scoptur v. Richards*, 192 Wis. 2d 156, 200, 531 N.W.2d 70 (1995) (citation omitted). The challenger satisfies the burden by demonstrating the unconstitutionality of the legislation beyond a reasonable doubt. *Matthies v. Positive Safety Mfg. Co.*, 2001 WI 82, ¶ 26, 244 Wis. 2d 720, 628 N.W.2d 842. Notwithstanding the presumption of constitutionality, retroactive legislation is viewed with "some degree of suspicion" and must meet the test of due process. *Martin*, 192 Wis. 2d at 201. To determine whether a retroactive statute comports with due process, the court first asks whether the statute is taking away the challenger's "vested right." *Matthies*, 244 Wis. 2d 720, ¶ 21. If no vested right is at stake, then the statute satisfies due process, ending the inquiry. If the court finds that the challenger is losing a vested right, then the court asks whether retroactive application has a rational basis. *Id.* at ¶ 27.

The Wisconsin Supreme Court has acknowledged that "[d]efining a 'vested right' is somewhat difficult" and has explained that "a right is vested when it has been so far perfected that it cannot be taken away by statute." *Land's End, Inc. v. City of Dodgeville*, 2016 WI 64, ¶¶ 68–69, 370 Wis. 2d 500, 881 N.W.2d 702. The court has also recognized that "an existing right of action which has accrued under the rules of the common law or in accordance with its principles is a vested property right." *Id.* at ¶ 70 (quoting *Matthies*, 244 Wis. 2d 720, ¶ 22); *see also Gibson v. Am. Cyanamid Co.*, 760 F.3d 600, 609 (7th Cir. 2014) ("The Wisconsin Supreme Court decisions in *Matthies* and in *Martin* both dictate that a plaintiff's interest in a common-law claim

3

is a protected vested interest."). Plaintiff's strict products liability claim accrued on the date of her injury, and she therefore had a vested property right before the Wisconsin legislature enacted section 895.047. Defendants assert that, even though Plaintiff may have a vested right in her strict products liability claim, section 895.047 merely altered the procedural framework for pursuing strict liability claims and Plaintiff does not have a vested right in the procedural burdens of proof and remedies connected with her claim. Plaintiff counters that section 895.047 constitutes substantive change to Wisconsin law.

"The definitions of 'substantive' and 'procedural' are relatively easy to state but are not always easy to apply. Indeed, the procedural/substantive dichotomy depends on the context of the analysis." *Trinity Petroleum, Inc. v. Scott Oil Co.*, 2007 WI 88, ¶ 41, 302 Wis. 2d 299, 735 N.W.2d 1. The Wisconsin Supreme Court observed that "'[a] procedural law is that which concerns the manner and order of conducting suits or the mode of proceeding to enforce legal rights and the substantive law is one that establishes the rights and duties of a party.'" *Id.* (quoting 3A NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 67.2, at 104–05 (6th ed. 2001)). It explained, "It is often written that if a statute creates, defines, and regulates rights and obligations, it is substantive. If a statute prescribes the method, that is, the legal machinery, used in enforcing a right or remedy, it is procedural." *Id.*

As previously stated, at the time Plaintiff's claim accrued, strict products liability law in Wisconsin was a function of common law. In *Dippel v. Sciano*, 37 Wis. 2d 443, 155 N.W.2d 55 (1967), the Wisconsin Supreme Court adopted the rule of strict liability as set forth in the RESTATEMENT (SECOND) OF TORTS § 402A to be applied in products liability cases. Under the common law rule, a plaintiff was required to prove the following five elements to establish a strict product liability claim:

4

> (1) that the product was in defective condition when it left the possession or control of the seller, (2) that it was unreasonably dangerous to the user or consumer, (3) that the defect was a cause (a substantial factor) of the plaintiff's injuries or damages, (4) that the seller engaged in the business of selling such product or, put negatively, that this is not an isolated or infrequent transaction not related to the principal business of the seller, and (5) that the product was one which the seller expected to and did reach the user or consumer without change in the condition it was when he sold it.

*Dippel*, 37 Wis. 2d at 460. Wisconsin strict liability law applied the consumer-contemplation test in design defect cases. *See Green v. Smith & Nephew AHP, Inc.*, 2001 WI 109, ¶ 34, 245 Wis. 2d 772, 629 N.W.2d 727. The consumer-contemplation test assessed whether a product is unreasonably dangerous and imposed liability where the product was "(1) in a condition not contemplated by the ultimate consumer; and (2) dangerous to an extent beyond that which would be contemplated by the ordinary consumer." *Id.* at ¶ 40 (internal quotation marks and citation omitted). "[A]lthough the feasibility of an alternative design can be considered when evaluating a design defect claim, it is not a requirement." *Godoy*, 319 Wis. 2d 91, ¶ 43 (citation omitted).

Section 895.047 of the Wisconsin Statutes altered the way in which a plaintiff proved a strict products liability claim. It essentially changed the elements. As an initial matter, the statute redefines a defectively-designed product. Rather than defining a defectively designed product as one where the design itself is the cause of the unreasonable danger, the statute provides that "[a] product is defective in design if the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and the omission of the alternative design renders the product not reasonably safe." Wis. Stat. § 895.047(1)(a). Implicit in this new language is the rule that an inherently dangerous product for which there is no safer alternative cannot be found unreasonably dangerous. Section 895.047(1)(a) thus imposes new burdens on a plaintiff by requiring that she prove foreseeability and that a reasonable alternative design exists and should have been adopted by the manufacturer.

5

Where there are no safer alternatives, it deprives her of her right to recover, even though the product is unreasonably dangerous.

The statute also limits a plaintiff's right to recover in other ways. It relieves sellers and distributors of liability except in limited circumstances, *see* Wis. Stat. § 895.047(2); allows the defendant to assert a rebuttable presumption that a product is not defective if it "at the time of sale, complied in material respects with relevant standards, conditions, or approved by a federal or state law or agency," a defense not otherwise available at common law, *see* Wis. Stat. § 895.047(3)(b); and bars the admission of evidence of subsequent remedial measures offered "for the purpose of showing a manufacturing defect in the product, a defect in the design of the product, or a need for a warning or instruction," *see* Wis. Stat. § 895.047(4).

By changing the way in which a plaintiff must prove a strict products liability claim, the new statute did not merely institute procedural requirements; it altered the rights of Plaintiff. The relevant provisions of the new statute are therefore substantive, in that they establish the rights and duties of the party, rather than merely establishing "the manner and order of conducting suits or the mode of proceeding to enforce legal rights." *See Trinity Petroleum, Inc.*, 302 Wis. 2d 299, ¶ 41. The Wisconsin Supreme Court decisions in *Matthies* and in *Martin* suggest that, once the plaintiff accrues her claim, changes in the law, if they impair that claim, would constitute a due process violation.

In *Matthies*, the court addressed whether retroactive legislation "amending the statute on contributory negligence, Wis. Stat. § 895.045, to limit joint and several liability to a person found 51% or more causally negligent," as applied to the plaintiff's negligence claim, violated due process. 244 Wis. 2d 720, at ¶ 1. At the time the plaintiff's claim accrued, "joint and several liability was a common-law rule in Wisconsin which permitted a plaintiff to recover his or her

6

damages from any one of two or more persons whose joint or concurring negligent acts caused the plaintiff's injury." *Id. Matthies* explained that an "existing right of action which has accrued under the rules of the common law or in accordance with its principles is a vested property right." *Id.* at ¶ 22 (quotation MARKS and citation omitted). It observed that the legislature's amendment of Wis. Stat. § 895.045 "significantly changed" joint and several liability law in Wisconsin and concluded that the plaintiff had a vested property right which had been substantially impaired by retroactive application of § 895.045(1). Similarly, in *Martin*, the Wisconsin Supreme Court addressed whether retroactive application of the cap on non-economic damages in medical malpractice cases violated due process. 192 Wis. 2d at 201–02. The court held that, when the plaintiffs' claim accrued, they "had a substantive right to recover, in full, the noneconomic damages awarded by the jury," and that right was vested for due process purposes. *Id.* at 206.

Under the facts of both cases the plaintiffs were unable to recover damages. But neither case limits vested rights to damages or whether the plaintiffs' entitlement to damages had been eliminated. Instead, the Wisconsin Supreme Court dictated that "[a]n existing right of action which has accrued under the rules of the common law or in accordance with its principles is a vested property right." *Matthies*, 244 Wis. 2d 720, ¶ 22 (quoting *Hunter v. Sch. Dist. Gale-Ettrick–Trempealeau*, 97 Wis. 2d 435, 455, 293 N.W.2d 515 (1980))). Where retroactive application of a statute has an "adverse impact" on the claim, the constitutional issue arises. *Id.* ¶ 2. Therefore, under Wisconsin law, Plaintiff has a vested right in her previously-existing common-law strict products liability claim.

Once a vested right has been identified, the court must determine whether there is a rational basis for the retroactive application of the statute. The parties dispute which standard the court should apply in assessing whether retroactive application has a rational basis in this case.

Plaintiff contends that Wisconsin courts have applied the balancing test set forth in *Martin*. *See Martin*, 192 Wis. 2d at 201. "Whether there exists a rational basis involves weighing the public interest served by retroactively applying the statute against the private interest that retroactive application of the statute would affect." *Matthies*, 244 Wis. 2d 720, ¶ 27 (citing *Martin*, 192 Wis. 2d at 201). "Implicit within this analysis is a consideration of the unfairness created by the retroactive legislation." *Id.* (quoting *Martin*, 192 Wis. 2d at 201).

In *Matthies*, once the court determined that the plaintiff had a vested property right that had been substantially impaired by retroactive application of the contributory negligence statute, the court applied the balancing test to determine whether there was a rational basis for the retroactive application. In identifying the public interest served by retroactive application of the statute, the court observed that there was "nothing in the Legislative Reference Bureau's legislative drafting file which indicate[d] that the legislature amended Wis. Stat. § 895.045 in response to a pressing, or otherwise, economic or social issue." *Id.* at ¶ 32. The court concluded that "to determine, based on the legislative history available, what motivated the legislature to modify the doctrine, requires speculation." *Id.* The court also rejected the defendant's contentions regarding the public interest served by retroactive application of the statute, finding that the record was devoid of any evidence in support of its contentions. *Id.* at ¶¶ 33–36. Instead, the court found that "retroactive application of Wis. Stat. § 895.045(1) would severely impair Matthies' right to recover all of his damages . . . without any real notice." *Id.* at ¶ 46. The court explained that, at the time the plaintiff sustained his injury, he was entitled to a full recovery of his damages from any defendant found causally negligent. Under the amended statute, however, the plaintiff's damages could be reduced by at least half. *Id.* at ¶¶ 46–47. In balancing these interests, the court found that "the substantial impairment of Matthies' right to recovery significantly outweigh[ed]

8

the public interest, if any, served by retroactive application of § 895.045(1)." *Id.* at ¶ 47. "Accordingly, retroactive application of § 895.045(1)'s modification of joint and several liability [was] an unconstitutional violation of due process." *Id.*

More recently, the Seventh Circuit applied the balancing test in *Gibson v. American Cyanamid Co.*, 760 F.3d 600 (7th Cir. 2014). There, the plaintiff claimed he was injured by white lead carbonate pigment used in lead paint. Because the plaintiff could not identify which manufacturers made the white lead carbonate pigment that injured him, he brought suit against multiple manufacturers under Wisconsin's risk contribution theory of tort liability. *Id.* at 604. The district court dismissed the plaintiff's suit. While the plaintiff's appeal was pending, the Wisconsin legislature enacted Wis. Stat. § 895.046, which extinguished risk-contribution theory in Wisconsin state courts. The plaintiff asserted that section 895.046's retroactive application to his case violated the Wisconsin constitution's guarantee of due process.

After concluding that the plaintiff's already-accrued cause of action was a vested right, the court balanced the public interest and the private interest in assessing whether the statute's retroactive application had a rational basis. *Id.* at 609. The court concluded that "Wisconsin Supreme Court precedent dictates that Section 895.046 cannot be retroactively applied in light of the state constitution's guarantee of due process." *Id.* The court noted that the legislature enacted section 895.046 "to serve the public interest in permitting businesses to operate in Wisconsin without fear of products-liability litigation in the indefinite future based on risk-contribution theory." *Id.* at 610 (citing Wis. Stat. § 895.046(1g)). This purpose is served by section 896.046, the court observed, by extinguishing risk-contribution theory altogether. The court found that the competing private interest is significant because, without risk-contribution theory, the plaintiff (and others similarly situated) "cannot prove causation-in-fact as to a particular manufacturer and

9

thus will likely recover nothing, even though [the plaintiff] can show (if he proves his prima facie case) that the pigment manufacturers contributed to the risk of injuring him." *Id.* at 610. In other words, "Gibson would likely have no remedy at all." *Id.* The Seventh Circuit therefore concluded that "[a]s interpreted by the Wisconsin Supreme Court, the state constitution's due-process guarantee prohibits retroactive application of Section 895.046." *Id.*

Defendants assert that Wisconsin's application of the balancing test has been sporadic. Citing Justice Ziegler's concurrence in *Land's End, Inc. v. City of Dodgeville*, 2016 WI 64, 370 Wis. 2d 500, 881 N.W.2d 702, Defendants argue that the rational basis test "is really not a balancing test at all." *Id.* ¶ 157 (Ziegler, J., concurring). Instead, "[u]nder rational basis review, legislation is constitutional 'unless it is patently arbitrary' and bears no rational relationship to a legitimate government interest." *In re Commitment of Hager*, 2018 WI 40, ¶ 39, 381 Wis. 2d 74, 911 N.W.2d 17 (quoting *In re Commitment of Alger*, 2015 WI 3, ¶ 39, 360 Wis. 2d 193, 858 N.W.2d 346). Though Defendants assert that the balancing test in *Martin* does not control, the court cannot draw that conclusion as neither *Martin* nor *Matthies* has been overruled. *Land's End* and *Hager* are distinguishable from the instant case because the court in those cases found that the plaintiffs did not establish that they had a vested right that had been substantially impaired by retroactive application of a statute and was not required to apply the balancing test as a result. In short, the court will apply the balancing test in determining whether retroactive application of Wis. Stat. § 895.047 has a rational basis in this case.

The court will first consider the public interest served by retroactive application of Wis. Stat. § 895.047 to Plaintiff's strict products liability claim. "The public purpose supporting retroactivity under a due process analysis must be substantial, valid and intended to remedy a general economic or social issue." *Matthies*, 244 Wis. 2d 720, ¶ 31 (quoting *Neiman v. Am. Nat'l*

*Prop. & Cas. Co.*, 2000 WI 83, ¶ 23, 236 Wis. 2d 411, 613 N.W.2d 160) (alterations omitted). As an initial matter, in this case, as in *Matthies*, the court has not been presented with any evidence that the legislature enacted section 895.047 "in response to a pressing, or otherwise, economic or social issue." *See id.* at ¶ 32. Defendants assert that the public interest is served by the statute because it creates a simple, bright-line standard that is easy to apply in every strict products liability case. It maintains that, by specifying that the statute applies to all lawsuits in which the causes of action accrued after February 1, 2011, the legislature "avoided a scenario in which courts become . . . burdened with the often-difficult task of ascertaining the precise date in which a plaintiff's cause of action accrued." Defs.' Br. at 14, Dkt. No. 90. But in this case, there is no dispute that Plaintiff's cause of action accrued prior to the enactment of Wis. Stat. § 895.047. Although Plaintiff did not have a pending lawsuit at the time Wis. Stat. § 895.047 was enacted, retroactive application of the statute would significantly impair her right to prove her strict products liability claim.

At the time Plaintiff's claim accrued, Plaintiff could prove that Defendants' product was defective without establishing the existence of a reasonable alternative design or the foreseeability of harm. The new requirements created in section 895.047, which have added these elements to a strict products liability claim, had been previously rejected by the Wisconsin Supreme Court as burdensome and expensive. For instance, in *Godoy*, the Wisconsin Supreme Court rejected a reasonable alternative design requirement in strict products liability cases. 319 Wis. 2d 91, ¶ 44. The court explained, "We do not require that a plaintiff affirmatively prove, through expert testimony, that an alternative design is commercially viable. We do not impose an expensive burden and require a battle of the experts over competing product designs." *Id.* at ¶ 45; *see also Green*, 245 Wis. 2d 772, ¶ 73 (holding that proof of a reasonable alternative design would add

"an additional—and considerable—element of proof" to the analysis). The court in *Green* also "reemphasize[d] the long-standing rule that foreseeability of the risk of harm plays no role in current Wisconsin products liability law." 245 Wis. 2d 772, ¶ 70. The court reasoned that "[w]here a manufacturer places a defective and unreasonably dangerous product into the stream of commerce, the manufacturer, not the injured consumer, should bear the costs of the risks posed by the product." *Id.* at ¶ 74. The retroactive application of section 895.047 "hardly befits notions of fundamental fairness" as Plaintiff would be significantly impaired by the imposition of the new requirements to prove a strict products liability claim imposed by the statute. *Matthies*, 244 Wis. 2d 720, ¶ 43. It would be unfair and would violate due process to change the rule after her claim had accrued. Balancing the private interest against the public interest, the substantial impairment of Plaintiff's right to establish strict products liability under Wisconsin's common law outweighs any public interest served by retroactive application of section 895.047. Plaintiff has established beyond a reasonable doubt that there is no rational basis for retroactively applying Wis. Stat. § 895.047 to her strict products liability claim. Accordingly, retroactive application of section 895.047 is an unconstitutional violation of due process, and Wisconsin common law as it existed at the time Plaintiff's cause of action accrued applies in this case. The Clerk is directed to set the matter for a telephone conference forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of December, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court